IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| Johnathan William Ellish )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>City of East Ridge, Tennessee; )<br>Anna Simmons, James Tyler Davis; )<br>and Samuel Roistacher )<br>)<br>Defendants ) | Case No. 1:23-cv-00020-TAV-CHS |

ANSWER OF THE CITY OF EAST RIDGE

The City of East Ridge (the "City") responds to the allegations in the Complaint as follows:

In response to the unnumbered quotation purportedly made by Officer Anna Simmons at the top of Plaintiff's Complaint, the City asserts the alleged statement is not relevant or material to the claims pled by the Plaintiff in the Complaint. Accordingly, the City avers the quotation should be stricken from the Complaint.

1. In response to paragraph 1, it is denied the Complaint states a claim upon which relief be granted under federal or state law.

It is denied the City is guilty of any wrongdoing or is otherwise liable to the Plaintiff under state or federal law.

2. In response to paragraph 2, it is admitted the individual defendants acted, at all times material, in their capacities as law enforcement agents for the City and were employees of the City within the meaning of T.C.A. §29-20-102(2).

3. In response to paragraph 3, the City denies the Plaintiff's characterization that his face

was forced into "jagged" rocks by Davis. To the extent paragraph 3 relies upon body camera footage of the incident that is the subject of this suit, the City submits the video footage speaks for itself and is best evidence thereof. To the extent the photograph contained in paragraph 3 misrepresents the totality of the incident which involved the Plaintiff, the same is denied.

The City is currently without information sufficient to admit or deny the remaining allegations in paragraph 3.

4. The allegations in paragraph 4 are denied.

5. The allegations in paragraph 5 are denied.

6. In response to paragraph 6, it is denied the City deprived the Plaintiff of any right secured by the U.S. Constitution, federal or state law.

The City would show jurisdiction is proper in the U.S. District Court for the Eastern District of Tennessee.

7. In response to paragraph 7, the City is currently without information sufficient to admit or deny the Plaintiff's place of residence

It is admitted the individual defendants acted at all times material in their capacities as law enforcement agents for the City and were employees of the City within the meaning of T.C.A. §29-20-102(2).

It is admitted the event described in the Complaint occurred in Hamilton County, Tennessee, although the City denies the event occurred in the manner described by Plaintiff or that the event gives rise to any claims against the City.

It is admitted the City is a political sub-division of the State of Tennessee.

The City would show venue is proper in the U.S. District Court for the Eastern District of Tennessee at Chattanooga.

8. The City is currently without information sufficient to admit or deny the place of the Plaintiff's citizenship and residence.

9. The allegations in paragraph 9 are admitted generally. To the extent the allegations in paragraph 9 are intended to assert and/or imply the City has any policies, customs, practices or procedures that would result in any liability to the City, the City denies the same.

10. In response to paragraph 10, it is admitted that the City's police department operates in accordance with state and federal law.

To the extent the Plaintiff alleges in paragraph 10 that the Plaintiff was unreasonably seized, that the City failed to train the individual defendants, or that the City failed to properly and promptly investigate alleged misconduct, the same is denied.

11. In response to paragraph 11, it is denied the City deprived the Plaintiff of any right secured by the U.S. Constitution, state or federal law.

12. In response to paragraph 12, it is admitted the individual defendants acted at all times material in their capacities as law enforcement agents for the City and were employees of the City within the meaning of T.C.A. §29-20-102(2). To the extent any other allegations in paragraph 12 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

13. The City is currently without information sufficient to admit or deny the allegations in paragraph 13.

14. The City is currently without information sufficient to admit or deny the allegations in paragraph 14.

15. The City is currently without information sufficient to admit or deny the allegations in paragraph 15.

16. In response to paragraph 16, the City submits the content of T.C.A. §33-6-403 speaks for itself.

To the extent the Plaintiff mischaracterizes or misquotes T.C.A. §33-6-403 in paragraph 16, the City reserves the right to show the same.

17. Upon information and belief, the allegations in paragraph 17 are admitted.

18. In response to paragraph 18, it is generally admitted that police first observed the Plaintiff walking down Spring Creek Road near Parkridge Hospital.

It is admitted that Davis, Simmons and Roistacher encountered the Plaintiff. However, the City is currently without information sufficient to admit or deny the timing of each officer's initial encounter with the Plaintiff in relation to one another.

19. In response to paragraph 19, it is admitted Simmons and Roistacher approached the Plaintiff and attempted to speak with him.

To the extent paragraph 19 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 19, the same is denied.

20. The allegations in paragraph 20 are admitted. The City avers it would be shown "CON" is an acronym for "certificate of need."

To the extent paragraph 20 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 20, the same is denied. To the extent any other allegations in paragraph 20 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

21. In response to paragraph 21, it is admitted that Simmons and Roistacher attempted for

a period of time to explain to the Plaintiff why he could not leave the hospital.

To the extent paragraph 21 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 21, the same is denied. To the extent any other allegations in paragraph 21 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

22. In response to paragraph 22, the City denies the Plaintiff's characterization that Roistacher "appeared to become angry."

It is admitted Roistacher removed his glasses and placed them in a shirt pocket.

To the extent paragraph 22 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 22, the same is denied.

23. The allegations in paragraph 23 are admitted generally although to the extent any allegations in paragraph 23 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

To the extent paragraph 23 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 23, the same is denied.

24. In response to paragraph 24, the allegations are denied as stated. The City admits Roistacher reached for the Plaintiff's left arm and placed the Plaintiff's left wrist in a handcuff only after the Plaintiff again stated he was going to leave the hospital notwithstanding Roistacher and Simmons having made several attempts to explain to Plaintiff why he could not leave the hospital.

To the extent paragraph 24 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 24, the same is denied.

Additionally, to the extent any of the allegations in paragraph 24 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

25. In response to paragraph 25, it is admitted Simmons made contact with the Plaintiff.

The remaining allegations in paragraph 25 are denied.

To the extent paragraph 25 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 25, the same is denied.

26. The allegations in paragraph 26 are admitted.

To the extent paragraph 26 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 26, the same is denied. To the extent any allegations in paragraph 26 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

27. The City denies the Plaintiff's characterization of the incident as stated in paragraph 27.

It would be shown that the Plaintiff resisted officers' attempts to place him in custody for the purpose of returning him to the hospital.

It would be shown Davis took the Plaintiff to the ground on an area that contained grass and some gravel.

It is denied Davis "bear hug[ged]" the Plaintiff and "slammed" the Plaintiff to the ground.

To the extent paragraph 27 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 27, the same is denied.

28. The City denies the Plaintiff's characterization of the incident as stated in paragraph 28. The City admits that at some time during the incident, officers positioned the Plaintiff on his stomach.

It is admitted the Plaintiff stated something to the effect of "you ain't got to hit on me." It is denied Simmons, Roistacher or Davis ever hit the Plaintiff.

The City is currently without information sufficient to admit or deny the remaining allegations in paragraph 28.

To the extent paragraph 28 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 28, the same is denied. To the extent any allegations in paragraph 28 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

29. The City is currently without sufficient information to admit or deny the nature and extent of the injuries purportedly depicted in the photographs in paragraph 30.

If the alleged injuries were the result of another accident or incident, the City reserves the right to show the same.

30. The City is currently without sufficient information to admit or deny the nature and extent of the injuries purportedly depicted in the photographs in paragraph 30.

If the alleged injuries were the result of another accident or incident, the City reserves the

right to show the same.

31. The City denies the Plaintiff's characterization of the incident as stated in paragraph 31. The City admits that the Plaintiff was told to get on his stomach and to put his hands behind his back.

It is admitted that Roistacher stated "taser" and that Roistacher pointed the taser at the Plaintiff.

It is admitted the Plaintiff stated he was trying to find his glasses.

It is admitted Roistacher stated that the glasses were "busted."

The remaining allegations in paragraph 31 are denied.

To the extent paragraph 31 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 31, the same is denied. To the extent any allegations in paragraph 31are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

32. In response to paragraph 32, the City denies the Plaintiff's characterization that Simmons "giggled" during the event. It is admitted Plaintiff was handcuffed.

To the extent paragraph 32 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 32, the same is denied.

33. The City denies the Plaintiff's characterization of the incident as stated in paragraph 33. The City admits the Plaintiff stated he could not get his arms behind his back and that Roistacher stated "they do now."

It is denied the individual defendants "painfully forced" the Plaintiff's arms behind his

back.

To the extent paragraph 33 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 33, the same is denied. To the extent any allegations in paragraph 33 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

34. The City denies the Plaintiff's characterization of the incident as stated in paragraph 34. The City admits that the Plaintiff did have some blood on his face after he was placed in handcuffs.

It is admitted the Plaintiff asked if the individual defendants could loosen the handcuffs. It is admitted Simmons and Davis denied the Plaintiff's initial request to adjust the handcuffs.

It is admitted Simmons stated the Plaintiff was a "silly goose." It is denied Simmons taunted the Plaintiff. It would be shown that Simmons stated to the Plaintiff, "you didn't want to comply," to which the Plaintiff responded "well I wasn't, I was being an a**." Simmons then responded "you don't say, you silly goose."

It would also be shown that during this exchange, the Plaintiff admitted that he stated to hospital personnel that he "thought he might want to hurt himself."

It would be further shown that based upon the Plaintiff's statements at the scene, the Plaintiff did not seem to realize that he was bleeding from his face or that he was otherwise injured.

To the extent paragraph 34 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 34, the same is denied. To the extent any allegations in paragraph 34 are intended to support a cause of action against the City

or to allege unlawful actions attributable to the City, the same are denied.

35. In response to paragraph 35, it is admitted Roistacher and Davis stood the Plaintiff up and loosened the hand cuffs.

It is admitted that the Plaintiff stated "I got my a** whipped," and Roistacher responded "by a girl." The Plaintiff responded, "that's embarrassing."

It is admitted Simmons stated "I hate that for you kid."

It is denied the individual defendants abused the Plaintiff.

To the extent paragraph 35 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 35, the same is denied. To the extent any allegations in paragraph 35 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

36. The allegations in paragraph 36 are admitted.

To the extent paragraph 36 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 36, the same is denied. To the extent any allegations in paragraph 36 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

37. The allegations in paragraph 37 are admitted.

To the extent paragraph 37 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 37, the same is denied. To the extent any allegations in paragraph 37 are intended to support a cause of action against the City

or to allege unlawful actions attributable to the City, the same are denied.

38. The City denies the Plaintiff's characterization of the incident as stated in paragraph 38. The City admits that Simmons and Davis laughed and that Davis called the Plaintiff a "character" after Roistacher asked the Plaintiff to come to the other side of his police vehicle, and the Plaintiff stated "you want me to drive?"

To the extent paragraph 38 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 38, the same is denied. To the extent any allegations in paragraph 38 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

39. The allegations in paragraph 39 are admitted.

40. The allegations in paragraph 40 are denied, except to admit that Simmons made a comment about Roistacher pulling out his taser.

To the extent paragraph 40 relies upon body camera footage of the incident, the City avers the footage speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the body camera footage in paragraph 40, the same is denied. To the extent any allegations in paragraph 40 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

41. The allegations in paragraph 41 are denied as written. It is admitted that Roistacher took Plaintiff to Parkridge.

42. The allegations in paragraph 42 are admitted.

43. The allegations in paragraph 43 are admitted generally, although the City avers the incident report speaks for itself and denies any mischaracterization of the same.

In addition, it would be shown the Plaintiff admitted he had drunk a significant amount of alcohol before the incident described in the Complaint.

44. The allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 are denied.

46. In response to the allegations in paragraph 46, it is admitted charges against Angel Sherrard and her adult son were dismissed.

The remaining allegations in paragraph 46 are denied. Additionally, to the extent any allegations in paragraph 46 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

47. In response to paragraph 47, it is denied Simmons was guilty of any unlawful conduct in connection with the Sherrard matter.

It is admitted Simmons was terminated from the City on or about October 10, 2022.

It is admitted Simmons' termination was reported by local media outlets.

The City denies any and all other allegations in paragraph 47.

48. The allegations in paragraph 48 are denied, except to admit the State of Tennessee dismissed all criminal charges against Locklin.

49. The City denies the allegations in paragraph 49, except to admit that Roistacher was disciplined due to his actions in the Locklin matter.

50. In response to paragraph 50, the City denies the Plaintiff's characterization of the incident described in paragraphs 50(a) - (e). It is denied the City was guilty of any unlawful or otherwise wrongful conduct in connection with the allegations in paragraphs 50(a) - (e). It is denied that any comment made by Stan Allen regarding that matter establishes any unlawful policy, procedure or custom of the City.

51. In response to paragraph 51, it is denied the City has a practice of condoning police misconduct.

It is admitted that Plaintiff's counsel claims he received a note allegedly signed by "Night Shift."

It is denied the City knows of or is aware of the identity of the alleged author.

The City respectfully submits paragraph 51 is due to be stricken from the Complaint because the allegations set forth in paragraph 51 regarding the note and its content amounts to inadmissible hearsay.

The City denies the content of the note and the remaining allegations in paragraph 51.

52. In response to paragraph 52, it is admitted the City's police department arrested a man named William Cody Bell in 2021.

It is admitted there was some local media coverage of the arrest.

It is denied the City was guilty of any unlawful conduct in connection with Bell's arrest.

53. The material allegations in paragraph 53 are denied. To the extent the Plaintiff quotes T.C.A. §38-13-102 in paragraph 53, the City submits that statute speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes T.C.A. §38-13-102 in paragraph 53, the same is denied.

54. The allegations in paragraph 54 are denied.

55. In response to paragraph 55, it is admitted Stan Allen commented publicly on the Bell arrest.

It is denied any City officer abused Bell.

The remaining allegations in paragraph 55 are denied.

56. In response to paragraph 56, it is admitted the City was aware of the Cummins, Wright,

Sherrard, Locklin, and Bell arrests.

It is denied any City officer was guilty of unlawful or otherwise wrongful conduct in connection with those incidents.

To the extent any allegations in paragraph 56 are intended to support a cause of action against the City or to allege unlawful actions attributable to the City, the same are denied.

57. In response to paragraph 57, it is admitted the City police department maintains a body camera policy.

To the extent the Plaintiff quotes the City's body camera policy in paragraph 57, the City submits that policy speaks for itself and is best evidence thereof. To the extent the Plaintiff mischaracterizes or misquotes the City's body camera policy in paragraph 57, the same is denied.

58. In response to paragraph 58, it is admitted Roistacher and Davis remain employed by the City.

It is admitted Simmons was terminated from her employment with the City.

It is admitted that no official from the City contacted Cummins, Sherrard, Locklin, Bell, or the Plaintiff in connection with any internal affairs investigation.

The remaining allegations and all inferences drawn therefrom are denied.

59. No response to paragraph 59 is required.

60. The allegations in paragraph 60 are denied.

61. The allegations in paragraph 61 are denied.

62. The allegations in paragraph 62 are denied.

63. The allegations in paragraph 63 are denied.

64. The allegations in paragraph 64 are denied.

65. In response to paragraph 65, it is admitted the City has a duty to properly train its police

officers.

To the extent the Plaintiff alleges the City breached any duty owed to the Plaintiff, the same is denied.

66. The allegations in paragraph 66 are denied.

67. The allegations in paragraph 67 are denied.

68. The allegations in paragraph 68 are denied.

69. The allegations in paragraph 69 are denied.

70. The allegations in paragraph 70 are denied.

71. In response to paragraph 71, it is denied the City is liable to the Plaintiff.

72. No response to paragraph 72 is required.

73. In response to paragraph 73, it is denied any of the individual defendants had any duty to intervene in the use of force against the Plaintiff because the use of force was reasonable under the circumstances.

74. In response to paragraph 74, it is denied any of the individual defendants had any duty to report the alleged misconduct of fellow officers because in this instance, there was no misconduct to report as the use of force against the Plaintiff was reasonable under the circumstances.

75. Paragraph 75 contains legal conclusions to which no response is required.

To the extent a response is required, it is admitted all police officers owe a duty of reasonable care commensurate with an arrestee's known condition once an individual is in the officer's custody.

To the extent the Plaintiff alleges in paragraph 75 that the City, or its officers, breached any duty to the Plaintiff, the same is denied.

76. In response to paragraph 76, it is denied any of the individual defendants unlawfully or wrongfully caused any injury to the Plaintiff.

It is denied the individual defendants had any duty to report misconduct because in this instance there was no misconduct to report as the force used against the Plaintiff was reasonable under the circumstances.

The remaining allegations in paragraph 76 are denied.

77. In response to paragraph 77, it is admitted the City has a duty to properly train and supervise its officers in accordance with state and federal law.

To the extent the Plaintiff alleges the City breached any duty owed to the Plaintiff, the same is denied.

78. The allegations in paragraph 78 are denied.

79. The allegations in paragraph 79 are denied.

80. The allegations in paragraph 80 are denied.

81. In response to paragraph 81, it is denied the City is liable to the Plaintiff.

82. No response to paragraph 82 is required.

83. The allegations in paragraph 83 are denied.

84. The allegations in paragraph 84 are denied.

85. In response to paragraph 85, it is admitted the City has a duty to properly train and supervise its officers in accordance with state and federal law.

To the extent the Plaintiff alleges the City breached any duty owed to the Plaintiff, the same is denied.

86. The allegations in paragraph 86 are denied.

87. The allegations in paragraph 87 are denied.

88. In response to paragraph 88, it is denied the City is liable to the Plaintiff.

89. No response to paragraph 89 is required.

90. The allegations in paragraph 90 are denied.

91. The allegations in paragraph 91 are denied.

92. The allegations in paragraph 92 are directed at other defendants. Accordingly, no response to paragraph 92 from the City is required.

93. No response to paragraph 93 is required.

94. The allegations in paragraph 94 are denied.

95. The allegations in paragraph 95 are denied.

96. The allegations in paragraph 96 are directed at other defendants. Accordingly, no response to paragraph 96 from the City is required.

97. No response to paragraph 97 is required.

98. The City is without sufficient information to admit or deny the allegations in paragraph 98.

99. The allegations in paragraph 99 are denied.

100. The allegations in paragraph 100 are directed at other defendants. Accordingly, no response to paragraph 100 from the City is required.

101. No response to paragraph 101 is required.

102. The allegations in paragraph 102 are denied.

103. The allegations in paragraph 103 are denied.

104. The allegations in paragraph 104 are directed at other defendants. Accordingly, no response to paragraph 104 from the City is required.

105. In response to the section of the Complaint beginning "WHEREFORE," it is denied

the Plaintiff is entitled to any of the prayed for relief.

And now, having fully responded to Plaintiff's specific allegations, the City asserts the following affirmative defenses.

106. The Complaint fails to state a claim upon which relief may be granted.

107. The Complaint fails to state a 42 U.S.C. §1983 claim under the 14th Amendment for excessive force.

108. The Complaint fails to state an actionable claim under 42 U.S.C. §1983 for conspiracy as the Complaint contains no material facts which would support a conspiracy.

109. The City relies upon the terms, immunities and defenses contained in the Tennessee Governmental Tort Liability Act, T.C.A. §29-20-102 *et seq.*

110. The City relies upon the intra-corporate conspiracy doctrine.

111. The City relies upon the doctrine of sovereign immunity.

112. The City avers that discovery of this matter remains ongoing and, therefore, reserves the right to amend its Answer to Plaintiff's Complaint.

Wherefore, the City prays as follows:

1. That this matter be dismissed, with prejudice, with costs and attorney fees assessed to the Plaintiff.

2. For a trial by jury.

                                          Respectfully submitted,

                                          ROBINSON, SMITH & WELLS, PLLC
                                          Suite 700, Republic Centre
                                          633 Chestnut Street
                                          Chattanooga, TN 37450
                                          Telephone:   (423) 756-5051
                                          Facsimile:    (423) 266-0474

By: *s/Keith H. Grant*
Keith H. Grant, BPR# 023274
kgrant@rswlaw.com
Philip Aaron Wells, BPR# 036248
awells@rswlaw.com
*Attorneys for Defendant,*
*City of East Ridge*

And

By: *s/Mark Litchford*
Mark Litchford, BPR #027381
mark@lpafirm.com
5726 Marlin Road
Franklin Building, Suite 107
Chattanooga, Tennessee 37411
*Attorney for Defendant,*
*City of East Ridge, Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 31st day of January, 2023.

Robinson, Smith & Wells, PLLC

By: *s/Keith H. Grant*

cc: Robin R. Flores, Attorney
4110-A Brainerd Road
Chattanooga, TN 37411
robinflores@comcast.net
Attorney for Plaintiff

Reid A. Spaulding, Attorney
Watson, Roach, Batson, & Lauderback, PLC
P.O. Box 131
Knoxville, TN 37901

rspaulding@watsonroach.com
*Attorney for Defendants,*
*Samuel Roistacher and Anna Simmons*

Lane Moore, Attorney
Moore, Rader, Fitzpatrick & York, PC
46 North Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502
lane@moorerader.com
*Attorney for Defendant, J. Davis*